**Ghazar GHAZARYAN; Anna Belluyan, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72511.

Agency Nos. A75–708–135, A78–111–893.

United States Court of Appeals, Ninth Circuit.

Submitted July 7, 2005.*

Decided Aug. 5, 2005.

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, M. Jocelyn Wright, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Carol Federighi, DOJ—U.S. Department of Justice Civil Division, Federal Programs Branch, Washington, DC, for Respondent.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM**

Ghazar Ghazaryan, a native and citizen of Armenia, and his spouse, Anna Belluyan, a native and citizen of Armenia, petition for review of the decision of the Board of Immigration Appeals (BIA) summarily affirming the decision of the immigration judge (IJ) denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility finding. *See Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's adverse credibility determination. Ghazaryan claimed that he witnessed the last moments and heard the final words of an Armenian official murdered for political reasons, that he immediately protested the Armenian government's ruling that the death was a suicide, and that he and his family suffered persecution for his political opinions and activities. His testimony, however, contained several inconsistencies and omitted important facts relating to the political murder. The adverse credibility determination is also supported by Ghazaryan's failure to produce any corroborating evidence, particularly of his political party membership or activities, his injuries when he was hospitalized, or letters from other

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

family members who also left Armenia. *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000). Because Ghazaryan failed to explain adequately the inconsistencies and omissions and failed to produce corroborating evidence, Ghazaryan and his wife have failed to establish eligibility for asylum. *See Malhi,* 336 F.3d at 993.

By failing to establish eligibility for asylum, Ghazaryan and his wife failed to establish eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Ghazaryan and his wife have also failed to meet the standard for CAT relief. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

Ghazaryan contends that the BIA failed to discuss eligibility for withholding or CAT relief. We need not consider separately whether the BIA erred by streamlining the case and summarily affirming the IJ decision because we conclude that Ghazaryan and his wife are not entitled to relief in this petition for review. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1078–79 (9th Cir.2004) (explaining that the merits determination and decision to streamline ordinarily collapse into one decision).

PETITION FOR REVIEW DENIED.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.